[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13124
Non-Argument Calendar
_____

D. C. Docket Nos. 1:08-cv-03532-CAP ; 1:04-cr-00571-CAP-CCH-1


JUAN CARLOS ACUNA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 2, 2012)

Before HULL, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:

Juan Carlos Acuna, a federal prisoner proceeding *pro se*, appeals the denial of his 28 U.S.C. § 2255 motion to vacate. Acuna challenges his counsel's failure to call as witnesses the co-defendants who pleaded guilty. But Acuna knowingly waived his right to contest his counsel's effectiveness as to this matter. Upon the district court's inquiries, Acuna specifically agreed with his counsel's decision not to call the potential witnesses, acknowledging that it was based on his own -- apart from counsel's advice -- request. Acuna thus gave up his opportunity to have them testify.

This Court has stated that ineffective assistance does not exist under *Strickland* where the defendant ultimately concurred in his counsel's tactical decision or strategy. *See Hammond v. Hall*, 586 F.3d 1289, 1327-28 (11th Cir. 2009). In *Ross v. Wainwright*, 738 F.2d 1217 (11th Cir. 1984), defense counsel largely elected not to contest guilt or present a defense. This Court said that, based on "the repeated statements by counsel in discussing his strategy and the full acquiescence of the defendant, . . . the district court did not err in concluding that [the defendant] had waived his right to attack the effectiveness of counsel on appeal." *Id.* at 1222. Besides counsel's statements, we noted that the petitioner's acquiescence in the discussions with respect to the nature of his counsel's conduct made the case one in which "mere assent in response to a series of questions from

the bench constitute[s] an adequate waiver" of ineffective assistance of counsel claims. *Id.* at 1221 (quotations omitted).

Acuna was not prejudiced by his counsel's decision not to call as witnesses the co-defendants because Acuna essentially waived his right to contest his counsel's ineffectiveness on that decision by agreeing with that choice at trial. *See Hammond*, 586 F.3d at 1327-28; *Wainwright*, 738 F.2d at 1221-22. After Acuna's counsel informed the district court that he would not call the co-defendants and other witnesses, who were available in the courthouse, the district court specifically informed Acuna that he (not his counsel) had the right to present evidence and witnesses. Acuna acknowledged that he understood his rights and his counsel's decision; and, upon the district court's further inquiry after a single witness testified, Acuna confirmed that it was his decision to call no more witnesses. When both parties rested, Acuna again indicated that he had decided to present no more evidence. Moreover, following the closing arguments, Acuna verified that his counsel decided not to call the co-defendants as witnesses after consulting with Acuna and that he had requested that they not testify. Because Acuna fully participated in the decision not to have the witnesses testify -- while knowing of the potential exculpatory nature of their testimonies -- and given his

3

responses to the district court's questions concerning that decision, he waived his right to attack his counsel's effectiveness on this point.

Besides, the record affirmatively contradicts Acuna's allegation that he suffered from -- was prejudiced by -- reliance on his counsel's advice, as ultimately Acuna himself decided not to call the co-defendants based on the risk to his father's defense. Acuna confirmed that his counsel had not unduly influenced that decision. Therefore, the district court correctly concluded that it was not reasonably probable that Acuna would have called the co-defendants to testify, and that, indeed, Acuna himself finally decided that they would not testify.

In addition, the record does not support Acuna's allegations that his counsel relied on another person's counsel's advice and failed to investigate reasonably the co-defendants' prospective testimonies. Acuna's counsel was aware of the potential exculpatory nature of the co-defendants' testimonies for Acuna and their potential incriminating impact on Acuna's father. Counsel expressed in open court that, despite advising Acuna of the possibly exonerating testimonies, Acuna did not want to call the co-defendants as witnesses because they could harm his father's defense. Given that Acuna did not object to these statements by counsel (but agreed with them) the record shows that counsel's actions were properly

4

based on informed choices made and information supplied by Acuna.

Accordingly, Acuna's ineffective assistance of counsel claim is without merit.

AFFIRMED.